BELOATE *v.* NEW ENGLAND SECURITIES COMPANY.

Opinion delivered March 26, 1917.

1. LIENS—JUDGMENT—EFFECT OF FILING STAY BOND.—The stay of a judgment for six months by the filing of a bond under Kirby's Digest, §3250, does not suspend a judgment lien on the lands of the defendant held under Kirby's Digest, §§ 4438 and 4439.

2. JUDGMENT LIENS—LIMITATIONS—STAY BOND.—The filing of a stay bond does not affect a judgment lien on lands, unless it extends beyond the period of limitations, in which event the judgment creditor will be given a reasonable time in which to levy an execution after the expiration of the stay bond.

Appeal from Randolph Chancery Court; *Geo. T. Humphries*, Chancellor; affirmed.

*H. L. Ponder*, for appellant.

1. The judgment was rendered April 4, 1913, and stay bond filed June 10, 1914. This stayed the judgment and lien for six months and the same had not expired when this suit was filed. The case in 75 Ark. 45 is not in point. It is not the law, but the law is stated

clearly in 23 Cyc. 1402. A stay of execution or judgment suspends even the running of the statute of limitations. 89 Am. Dec. 193; 45 Ind. 329; 69 Fed. 193; 2 Fed. Cases, No. 944; 2 Brock, 252; 66 N. C. 556. The stay bond extended the lien of the judgment. See 16 Am. Dec. 494; 89 *Id.* 193; 31 Cal. 395; 33 Ark. 72. A voluntary stay by a judgment creditor does not destroy the lien of the judgment. 89 Am. 193; 69 Fed. 193. The lien is extended for the time of the stay. 69 Fed. 193.

The stay bond suspended the lien for six months and the lien of the judgment had not expired when the answer and cross-complaint were filed. 1 Black on Judgments, § 471 and cases *supra.*

*E. G. Schoonover*, for appellee, J. S. Fry.

Contends that appellants are not entitled to any marshaling of assets that would in any way affect the homestead rights of Fry, and his homestead was properly exempted. 26 Cyc. 936; 72 Ark. 412; 34 Cent. Dig., par. 3, "Marshaling Assets"; 40 Ark. 102; 31 *Id.* 203; 18 *Id.* 85; 58 *Id.* 292.

*J. J. Lewis*, for N. E. Securities Co., appellee.

Adopts the brief filed by E. G. Schoonover for appellee Fry.

HART, J.    This was a suit begun in the Randolph Chancery Court in which the New England Securities Company and T. C. Alexander, as trustee, were plaintiffs, and Jas. G. Fry, W. T. Fry, Isabel Fry, U. S. Fry, Willie Fry, J. S. Fry and Fannie Fry, and the United States Fidelity and Guaranty Company and the American Bonding Company, as assignees of W. A. Cunningham, guardian, and the directors of the Ravenden Special School District and Lone Rock Bank of Ravenden, were defendants.

The complaint alleged that the defendants, James G. Fry, W. T. Fry, Isabel Fry, U. S. Fry and Willie Fry on the first day of March, 1909, executed a mortgage to certain lands in Randolph and Lawrence counties to

the New England Securities Company for the purpose of securing said company in the sum of $7,000 and the accrued interest; that defendants had defaulted in the payment of said indebtedness and owed plaintiff the principal and the accrued interest.

The prayer of the complaint was for judgment for the amount of the debt and interest and for a foreclosure of the mortgage.

J. S. Fry filed a separate answer in which he admitted the execution of the deed of trust but set up a state of facts which he claimed entitled him to have the land in Lawrence county first sold for the payment of $2,615.90 of the indebtedness.

Appellants also filed an answer in which they admitted the execution of the mortgage and that the amount for which it was given to secure was due and unpaid, but set up a state of facts which they say entitles them to have the Randolph county land first sold for the payment of the indebtedness to the New England Securities Company. The facts relied on by appellee, Jas. G. Fry, and by appellants will be more particularly set out in the statement of facts.

The facts are practically undisputed and the material facts as found by the court are as follows:

On the first day of March, 1909, the defendants, Jas. G. Fry, W. T. Fry, Isabel Fry, U. S. Fry and Willie Fry executed to the New England Securities Company their promissory note in the sum of $7,000 due on the first day of March, 1916, bearing interest from date until paid at the rate of 6% per annum. They executed a mortgage on certain real estate situated in Randolph and Lawrence counties in the State of Arkansas to secure said indebtedness. Default was made on the interest that became due on March 1, 1915, and under the terms of the mortgage the company was entitled to declare the whole indebtedness due, that on the date of the rendition of the decree herein said parties owed said Securities Company the sum of $8,004.25. On November 28, 1914, Jas. G. Fry, W. T. Fry, Isabel Fry, U. S.

Fry and Willie Fry executed a deed to the Randolph county land on which the New England Securities Company had the mortgage to J. S. Fry. The conveyance to J. S. Fry was made subject to the lien of the New England Securities Company. J. S. Fry undertook and bound himself to pay of this indebtedness the sum of $5,000 and interest thereon from March 1, 1915, which at the date of the decree aggregated the sum of $5,388.35. The grantors in the deed to J. S. Fry agreed that they would pay, and that the Lawrence county land should be liable as between them and J. S. Fry, to the payment of the remainder of said mortgage and indebtedness. J. S. Fry as part of the consideration on his part executed to James G. Fry and the other grantors a deed to certain lands in Lawrence county, including his homestead. As soon as the conveyance was made J. S. Fry moved from Lawrence county to Randolph county and took possession of the Randolph county lands and established his homestead on one hundred and sixty acres of them.

On April 4, 1913, W. A. Cunningham, as guardian, obtained judgment in the Lawrence Circuit Court for the Eastern District, against J. N. Beakley, the United States Fidelity & Guaranty Co., and the American Bonding Company for the sum of $1,286.09. This judgment was duly transferred to W. E. Beloate and W. M. Ponder, as trustees for the said United States Fidelity & Guaranty Company and the American Bonding Company. On June 10, 1914, said judgment was stayed by a bond executed in conformity with the statutes by W. T. Fry, A. S. Fry and J. G. Fry and filed in the office of the circuit clerk of Lawrence county. The stay bond was conditioned for the payment of the judgment within six months from May 15, 1914. A copy of the stay bond was filed with the circuit clerk of Randolph county on December 16, 1914. The judgment which was stayed was not paid off.

The complaint in the present suit was filed on February 3, 1916. The answer of J. S. Fry was filed on

the 7th day of March, 1916. The answer and cross-complaint of appellants was filed on April 17, 1916, more than three years after the rendition of the judgment in the circuit court in favor of Cunningham as guardian against Beakley. and others. The court rendered judgment against Jas. G. Fry, W. T. Fry and U. S. Fry, for the sum of $8,004.25, in favor of the New England Securities Company and declared it to be a first lien on the lands embraced in the mortgage situated in both Lawrence and Randolph counties.

It was decreed that the mortgaged lands situated in Lawrence county be first sold for the payment of $2,615.90 as agreed between J. S. Fry and W. T. Fry and the others who executed the mortgage to the New England Securities Company and that the Randolph county lands be sold for the payment of the balance of said indebtedness not discharged by the sale of the Lawrence county land.

The cross-complaint of appellants was dismissed for want of equity.

The Ravenden Special School District filed a separate answer and cross-complaint in the case but subsequently took a nonsuit and that district is not concerned with the further proceedings in the case.

Appellants alone have prosecuted an appeal from the decree of the chancery court. The appellants base their right to relief under the stay bond. It will be remembered that Cunningham as guardian obtained a judgment in the circuit court of Lawrence county on April 4, 1913, against Beakley and others. The stay bond was filed on the 15th of May, 1914, and appellants claim that this had the effect of lengthening the time their judgment was a lien on the lands in Lawrence county.

(1-2) Under section 4438 of Kirby's Digest a judgment is a lien on the real estate owned by the defendant in the county in which the judgment was rendered from the date of its rendition. Section 4439 provides that the lien authorized by the preceding sec-

tion shall continue in force for three years from the date of the judgment. We do not think the filing of a stay bond suspended the running of the three years limitation of the judgment lien. The stay bond was filed on May 15, 1914, and the six months would expire long before the three years' limitation of the judgment lien expired. We think the effect of the decision in *Cook* v. *Martin*, 75 Ark. 40, is to hold that the lien of the judgment is continued in the stay bond, and this lien relates back to the rendition of the judgment, so as to protect the judgment creditor against subsequent liens or conveyances by the judgment debtor. The stay of judgment for six months under section 3250 of Kirby's Digest did not suspend the judgment lien under sections 4438 and 4439 of Kirby's Digest. The judgment was a lien on all the land of the defendant in the county during the whole six months. The judgment was stayed by the filing of the bond under the statute and the judgment creditor, as we have already seen, could not have been in any wise prejudiced by the filing of the stay bond, for the reason that there was ample time within which to levy an execution and sell the defendant's real estate under it after the six months had expired. If the stay bond had been filed at a period of time which would have extended beyond the date of the three years' limitation of the judgment lien, the judgment creditor would have been entitled to a further reasonable time within which to have caused his execution to be issued and levied upon the real estate of the defendant in the county and sold thereunder. Not having been prejudiced by the filing of the stay bond in the present case, they are not entitled to an extension of the three years' limitation provided by the statute. It follows then that they had no lien upon the mortgaged property at the time they filed their cross-complaint and the chancellor was correct in holding that their lien having expired before they became a party to the suit they were not in a position to ask for a marshaling of

the securities and were not entitled to any relief in the action.

They did allege in the answer that J. S. Fry purchased the Lawrence county lands in fraud of their rights as creditors, but no attempt was made by them to establish this by proof. On the other hand J. S. Fry testified that he was a purchaser in good faith of the Randolph county lands for a valuable consideration and further stated that at the time he exchanged his Lawrence county lands for them he did not have any actual notice of the judgment rendered in the Lawrence Circuit Court under which appellants sought to assert their priority.

It follows that the decree of the chancellor was correct and will be affirmed.